# AFFIDAVIT OF TASK FORCE OFFICER SEAN P. HEALY

I, Sean P. Healy, depose and state as follows:

1. I am a Trooper with the Massachusetts State Police, currently assigned to the federal Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") as a Task Force Officer. I have been an ATF Task Force Officer for approximately 4 years and with the Massachusetts State Police for approximately 14 years. During that time I have been involved in numerous investigations of violations of federal firearm and controlled substance laws. Currently, I am assigned to a group in the Boston Field Division of the ATF that, in part, works with other federal, state, and local police departments in and around the City of Boston to investigate and prosecute violations of the federal firearms, explosives, and controlled substance laws. In my capacity as an ATF Task Force Officer, I have been sworn in as a Special Deputy United States Marshal.

2. I make this affidavit in support of an application for an arrest warrant for Alexander SIMMONS ("SIMMONS"), aka "Ace Boogie." Based on an ongoing ATF investigation, SIMMONS is a leader in the Outlaws street gang and a multi-convicted felon. The Outlaws street gang is a violent criminal street gang operating in various communities, including Chelsea, MA. Per the ongoing investigation, SIMMONS is a leader of the gang in the Chelsea area. There is probable cause to believe that SIMMONS has committed the following federal crimes: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) possession of a controlled substance with intent to distribute in violation 21 U.S.C. § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

3. The information contained in this affidavit is based on my own investigation, oral and written reports by other law enforcement officers, physical surveillance, public records, database checks, and other investigations. The dates and times in this affidavit are approximate.

Because this affidavit is submitted for the limited purpose of supporting the issuance of an arrest warrant for SIMMONS, I have not presented every fact learned during the investigation, but only that information necessary to fully support probable cause for an arrest warrant.

4. On July 30, 2020, at approximately 6:05 a.m., Massachusetts State Police troopers and other law enforcement officers executed a state search warrant at for a hotel room used by SIMMONS at the DoubleTree Hotel in Chelsea. Prior to the execution of the search warrant, troopers confirmed that SIMMONS was the person who obtained, and paid for, the hotel room. Troopers encountered SIMMONS upon entry, and confirmed that SIMMONS was the only person in the room. As set forth below, based on the evidence seized from the hotel room, there is probable cause to believe that SIMMONS was using the hotel room to distribute controlled substances, and that he possessed two loaded handguns in the room to further his drug trafficking, including protecting the trafficking operations. During their search of the room, troopers seized the following evidence: (1) a Beretta, 3032 Tomcat, .32 caliber, semi-automatic pistol (bearing serial number DAA083958) loaded with eight rounds of ammunition - this pistol was found lying on top of the bed in the room and SIMMONS informed troopers that the pistol was loaded; (2) a Ruger, Model 57, 5.7x28mm, semi-automatic pistol (bearing serial number 641-04738) loaded with twenty-three rounds of ammunition; (3) approximately 15.3 grams of cocaine; (4) approximately 63.2 grams of pills believed to be fentanyl; (5) approximately one pound of marijuana; (6) a digital scale, consistent with drug trafficking; (7) packaging material, consistent with drug trafficking; (8) several forms of identification for SIMMONS; and (8) $1,521.00 in U.S. currency. Troopers searched SIMMONS person and seized approximately 8 grams of fentanyl and 3.5 grams of cocaine. SIMMONS was subsequently arrested on state charges. SIMMONS admitted to the nature of the above-referenced controlled substances.

5. I have reviewed SIMMONS criminal record as maintained by the Massachusetts Criminal History Systems Board. According to those records, SIMMONS has been convicted of two separate felonies, including: a conviction on or about November 5, 2013, in Suffolk Superior Court, for Unlawful Carrying of a Firearm without a Permit and Distribution of a Class D Controlled Substance, for which he received a 18-month sentence of incarceration; and a conviction on or about May 5, 2017, in Essex Superior Court, for Unlawful Carrying and Possession of a Loaded Firearm and Unlawful Possession of a Large Capacity Weapon, for which he received a sentence of 2 ½ to 3 years' incarceration.

6. Based on my training and experience in firearms, and consultation with ATF agents, the two seized firearms and the seized ammunition were manufactured outside of the Commonwealth of Massachusetts, and, thus, had to travel in interstate commerce or foreign commerce prior to their seizure.

## CONCLUSION

7. In light of the above, there is probable cause to believe that SIMMONS committed violations of federal law as set forth above.

Signed electronically and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on August 13, 2020.

/s/ Sean P. Healy
Sean P. Healy
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms & Explosives

Electronically subscribed and telephonically
sworn to before me this 13th day of August 2020

Judith Gail Dein
HONORABLE JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE